Careful examination of the record in this case convinces us that there is no proper appeal before this Court, by reason of the fact that there is no judgment of the lower Court forming the basis for appeal.
The material facts bearing upon this point, as reflected by the minutes of the Court, are as follows:
On December 10, 1942, judgment in favor of plaintiff was read, rendered and signed, and on December 11, 1942, a motion for rehearing was filed on behalf of John Barron, intervenor.
On March 25, 1943, motion for rehearing was fixed for trial for March 29, 1943.
On March 29, 1943, upon consent of counsel for plaintiff, the motion for rehearing was granted, and the case fixed for trial on the merits for April 1, 1943.
On April 1, 1943, the case was tried, and the Court ruled that the interest of the intervenor in this suit had ceased to exist. The minutes of the Court of this date show specifically:
"Bill reserved by counsel for intervenor to the ruling of the Court."
On April 5, 1943, intervenor moved for orders of appeal, suspensive and devolutive. Objection to allowance of a suspensive appeal was made by counsel for plaintiff, which objection was overruled. An order for the granting of appeals, suspensive and devolutive, was entered April 9, 1943.
[1] When the motion for a rehearing was granted, on date of March 29, 1943, this action had the effect of setting aside the judgment rendered and signed on December 10, 1942. Until another judgment was rendered and signed, or the original judgment reinstated and made final by the trial Court, there could be no foundation for an appeal.
In State ex rel. Klotter v. Police Board, 51 La. Ann. 747, 25 So. 637, 638, the opinion of the Court quoted approvingly from the Am. Eng. Enc. of Law, verbo "New Trial", as follows:
"An order granting a new trial, as a general rule, vacates a former judgment, without any special order to set it aside, and sweeps away the verdict, and leaves the case as though no trial had been had."
And, in Larose v. Naquin et al., 145 La. 1025, 83 So. 230, 232, the Court said:
"The effect of the granting of the new trial was therefore the setting aside in toto of the judgment in which the error was thought to be found, and, in contemplation of law it ceased to exist, and could not then, and cannot hereafter, afford the basis of a plea of res judicata, an execution, or an appeal."
For the purpose of the point here considered, the terms "new trial" and "rehearing" are synonymous, since the action of the Court, either in granting a new trial or in granting a rehearing, has the effect of setting aside the original judgment. *Page 72 
[2] The orders of appeal were granted from a "ruling" of the Court, and not from any judgment. As a matter of fact, no judgment existed.
It is elementary that a judgment is the basis of an appeal, and, accordingly, there is nothing before this Court for determination.
The appeal is dismissed at appellant's cost.