LOTTINGER, Judge.
This matter is before us on a motion to dismiss appeal.
The facts show that on February 26, 1965, the Lower Court rendered a judgment in favor of defendant, Pacific Indemnity Company, and against petitioner, Dave Sanders, dismissing this Workmen’s Compensation suit. Petitioner was granted a new trial by the Lower Court for the limited purpose of allowing certain additional medical evidence in the form of medical reports to be offered both by petitioner and defendant. The new trial was held at which certain documents and stipulations were introduced by counsel, after which on April 19, 1965, the Lower Court rendered judgment in which it “ * * * reinstated and made final * * * ” the judgment originally rendered on February 26, 1965.
The petitioner has devolutively appealed from the original judgment of February 26, 1965. Defendant moved to dismiss the appeal on the ground that the judgment appealed from “* * * was not and never became a final judgment, because as the record shows, a new trial was granted for the limited purpose of allowing certain additional medical evidence to be offered, and *888 after further hearings and further evidence was offered and received, a final judgment was signed on April 19, 1965.”
In support of its motion for dismissal, the defendant cites Larose v. Naquin, 145 La. 1025, 83 So. 230, in which the Court said:
“The effect of the granting of the new trial was therefore the setting aside in toto of the judgment in which the error was thought to he found, and in contemplation of law it ceased to exist, and could not then, and cannot hereafter, afford the basis of a plea of res judicata, an execution, or an appeal.”
The Larose case was not identical in facts to the present one. In that case the appeal was dismissed because it was taken after a motion for a new trial was granted and the hearing thereon was pending. Therefore, the appeal had been taken prematurely. Furthermore, the Court based its dismissal upon the provisions of Act 40 of 1904, which declared that:
“All judgments rendered by the district courts shall be signed within three days from the date of the rendition of such judgment, provided that within such delay an application for a new trial may be filed, and the granting of a new trial shall have the effect of setting aside the judgment signed within said three days, provided that judgment in confession may be signed at any time in open court.” (Italics ours.)
Upon the adoption of the Louisiana Revised Statutes of 1950, the pertinent portion of Act 40, with which we are concerned was incorporated therein, in substantially the same language, under Title 13, Section 4214, which provides that:
“An application for a new trial or a rehearing filed timely as required by R.S. 13:4213, shall suspend the running of the time in which judgments become execu-tory or within which appeals may be taken until the application has been denied. If the application is granted by the court, the judgment shall be considered set aside, even though the judgment has been signed.” (Italics ours)
Title 13, Section 4214 of the Revised Statutes was repealed by Section 2, Act 32 of the Legislature of 1960, and replaced by Articles 2087, 2123, and 2252. None of these articles contain wording to the effect that upon the granting of an application for a new trial “ * * * the judgment shall be considered set aside * * *.”
Defendant also cites Cooper v. Cooper, La.App., 158 So.2d 248, and General Motors Acceptance Corporation v. Deep South Pest Control, Inc., 247 La. 625, 173 So.2d 190, neither of which are here applicable. In the GMAC case the Court held that a judgment refusing an application for a new trial was not final and, therefore, was not appealable. The Cooper case, involved a question of custody of a child of the marriage between the parties thereto, which is governed by particular articles of the Code of Civil Procedure dealing with custody cases, as therein set forth.
It is noted by the judgment rendered by the Lower Court after the new trial that the original judgment by said Court on February 26, 1965, was “* * * reinstated and made final, and that, accordingly * * * ”. Following the wording “accordingly” the judgment tracts the wording of the original judgment rendered in this matter by the Lower Court.
There is no question but that the granting of a new trial will hold in abeyance the judgment originally rendered in the matter. Article 1971 of the Code of Civil Procedure states in part that: “If a new trial is granted as to less than all parties or issues, the judgment may be held in abeyance as to all parties and issues.” In LaFrenz v. LaBaw, La.App., 21 So.2d 71, (1945), the Court said that:
“When the motion for a rehearing was granted, on date of March 29, 1943, this action had the effect of setting aside the *889 judgment rendered and signed on December 10, 1942. Until another judgment was rendered and signed, or the original judgment reinstated and made final by the trial Court, there could be no foundation for an appeal.”
There is no question in our mind but that when the new trial was granted by the Lower Court in this matter, the effect of the original judgment was thereby suspended. After the hearing on the new trial, the original judgment was reinstated by the Trial Court and made final. These facts, together with the settled jurisprudence to the effect that appeals are favored lead us to the conclusion that the motion to dismiss should be denied.
With regard to the merits of this case, which was heard by this Court at the same time as the motion to dismiss, there is no dispute as to the occurrence of the accident. The Lower Court in its oral reasons which are part of the transcript, stated:
“I don’t think I have tried a case to my recollection where the medical reports and opinions have been as unanimous as they are in this case, and that unanimity against the existence of any disability attributable to this accident.”
We have a wealth of medical opinions here by testimony or reports on file in this case. They were all to the effect that the petitioner had recovered from his injuries, and was able to return to his usual occupation. Dr. Joseph Edelman, a neurosurgeon, stated that “ * * * The patient is able to carry out his usual occupation at this time without limitation.” Dr. Richard B. Means stated in his testimony that “ * * * I am positive that he is physically recovered from the accident, and it was my impression that he was trying to exaggerate, that is, trying to impress me that he was in worse condition than he was physically.” All of the medical opinions were essentially the same. The only report to the contrary, which is on file in the record of this proceeding, is .a report from Charity Hospital in New Orleans which gave the diagnosis as a “lumbar disc”. This report was very brief and there was a notation thereon to the effect that they could not treat the petitioner because of the pending law suit.
The petitioner has cited Williams v. Southern Advance Bag & Paper Company, La.App., 87 So.2d 165, to the effect that where there is a conflict in the medical testimony, the Court may consider “lay” testimony. In the cited case, there was a great conflict among the doctors who testified. Such is not the case before us. The evidence in the record is overwhelming to the effect that the petitioner is able to return to his work.
The facts disclose that petitioner has been paid all compensation benefits due during his disability.
For the reasons hereinabove assigned, the motion to dismiss the appeal is hereby denied, and the judgment of the Lower Court is hereby affirmed. All costs of this appeal shall be paid by petitioner.
Judgment affirmed.