BAILES, Judge.
This is a suit for a partition of the community of acquets and gains which formerly existed between the parties to these two consolidated actions. The trial court rendered judgment deciding the issues between the parties. Both parties have appealed. For the reasons set forth infra, we must ex proprio motu dismiss this appeal as having been prematurely granted.
The record shows that judgment was rendered, read and signed in open court on the 22nd day of May, 1967. This was a single judgment which apparently disposed of all issues between the parties to both suits. On this same date, Mrs. Helen Bridges Broyles filed an application for a new trial, and on May 23, 1967, Herbert Broyles filed an application for a new trial. By order of the trial court, the respective applications were set for hearing on June 6, 1967.
The minutes of the trial court of June 6, 1967, show that the trial judge dictated the following ruling after hearing the applications for a new trial, namely:
“In the case of Helen Bridges Broyles vs. No. 29518 Herbert Broyles let the motion for rehearing be granted to the extent that the plaintiff, Helen Bridges Broyles, will have the right to establish by credible evidence that portion of the monthly installment payments on the purchase price of the cleaning establishment in Bay City, Michigan which represents capítol (sic) and that portion which represents interest. The motion for re-hearing in the case of Herbert Broyles vs No. 30670 Helen Bridges Broy-les will be denied. The method by which counsel for the plaintiff proposes to establish the portion of the payments which represents interest shall be by means of interrogatories and cross interrogatories to be propounded to a party or parties especially G. A. Gotowka in Bay City, Michigan, said interrogatories and answers thereto to be filed with the Court within 30 days from the date hereof. The parties stipulate that the delays for obtaining an order of Appeal or orders of Appeal shall run from the date that the reasons for judgment may or may not be amended and the case is finally disposed of by this Court.”
*62 The record shows that the following entry was made in the minutes of the court of July 27, 1967:
“Helen Bridges Broyles vs No. 29518 Herbert Broyles This day Court ordered that the Reasons for judgment will be amended to the extent that it will be shown the principal payments or capital payments by the purchaser of the cleaning establishment in Bay City, Michigan from Mrs. Herbert Broyles will be shown as $8102.15 and the interest on these installments payments will be shown as $1697.85. In all other respects the Reasons for judgment will remain as previously submitted.”
The record is completely devoid of any court minute reciting that a judgment was signed by the court subsequent to the granting of the new trial on June 6, 1967, in the case of Helen Bridges Broyles v. Herbert Broyles, and further there is no judgment signed by the court contained in this record dated subsequent to the granting of the new trial on June 6, 1967.
When the trial court granted a new trial to the party, Mrs. Helen Bridges Broy-les, and although it denied a new trial to the party, Herbert Bridges, the effect of this was to suspend the judgment rendered by the court on May 22, 1967. See LSA-C.C.P. Article 1971. Also see Larose v. Naquin (1919) 145 La. 1025, 83 So. 230; and Sanders v. Pacific Indemnity Company (La.App.1966) 186 So.2d 887.
For the judgment, previously suspended by the granting of new trial, even though for a limited purpose, to be final, it was necessary for the trial court to sign a judgment finalizing its rendition. Until this was done by the trial court there was no final judgment rendered in these two consolidated cases within the contemplation of LSA-C.C.P. Article 2083. See Cooper v. Cooper (La.App.1963) 158 So. 2d 248.
For the foregoing reasons, this Court has no jurisdiction to determine the issues between the parties, and accordingly, this appeal is dismissed as premature. The costs of court incurred in this instance is to be divided and assessed equally between the parties.
Appeal dismissed.