LANDRY, Judge.
Stagecraft Industries, Inc. (Stagecraft), co-defendant with Star Electric Supply, Inc. (Star) and Edwin F. Guth Company (Guth), in this action, a concursus proceeding brought by plaintiff, T. M. Thurman d/b/a Thurman Electric Company (Thurman), has moved to dismiss the appeal taken herein by Star. We dismiss the appeal in part.
This matter arises from a contract pursuant to which Star agreed to furnish Thurman certain material and equipment *340 for a construction project on which Thurman was the prime contractor. Pursuant to this arrangement, Thurman ordered goods aggregating $52,219.00 which Star obtained from Stagecraft which latter concern shipped the materials directly to Thurman. Star paid Stagecraft the sum of $7,325.00, leaving a balance due in the amount of $44,894.00. On January 22, 1971, Star liened Thurman’s job in the sum of $46,277.75. Stagecraft filed a lien in the amount of $44,894.00 on January 25, 1971. Thurman instituted this concursus proceeding January 28, 1971, at which time it deposited the sum of $44,702.28 in the registry of the court. Guth filed a lien on February 25, 1971, in the sum of $12,053.05, for materials allegedly furnished by Star and in turn used on Thurman’s job. On February 16, 1971, Thurman filed a rule to assess costs in the proceedings and have his bond premiums taxed as part thereof, said rule being set for trial March 10, 1971.
On Friday, February 18, 1972, judgment was rendered in the concursus proceeding in favor of Stagecraft in the amount of Thurman’s deposit of $44,702.28, recognizing and declaring valid Stagecraft’s lien, and also in favor of Stagecraft against Star for the total amount of court costs which were decreed to be deducted from the amount of Thurman’s deposit. Notice of judgment was sent to all parties on that same date. Thurman moved for a new trial on Wednesday, February 23, 1972, urging that, as an innocent party, he was entitled to reasonable attorney’s fees, and praying for a new trial on said issue. Pursuant to Thurman’s motion for new trial on said issue, all defendants were ordered to show cause on March 28, 1972, why the new trial should not be granted, and why Thurman should not be granted the requested relief. On February 24, 1972, Guth moved for a new trial. On March 17, 1972, Stagecraft opposed Guth’s motion for new trial. Thurman’s motion for new trial was opposed t>y Stagecraft on March 28, 1972. Opposition to Thurman’s rule for costs was filed by Star on March 27, 1972. All issues thusly presented were heard May 5, 1972. Judgment was signed May 22, 1972, in favor of Thurman and against Star, Guth and Stagecraft awarding Thurman $4,470.02 as attorney’s fees and taxing said amount as costs. Judgment was also rendered denying Thurman’s claim that his bond premiums be taxed as costs. Additionally, Guth’s motion for new trial was denied for being untimely filed. Notice of said judgment, signed May 22, 1972, was sent to all parties on that same date. On May 24, 1972, a separate judgment was signed amending the judgment of February 18, 1972, to conform with the decree rendered May 22, 1972, recognizing Thurman’s right to attorney’s fees, and further amending the February judgment to award Stagecraft recovery against Star of the amount of the attorney’s fees granted Thurman and assessed as additional costs. Star appealed and timely filed an appeal bond on May 31, 1972. Stagecraft and Thurman perfected appeals on June 2, and August 21, 1972, respectively. On August 4, 1972, Stagecraft moved to dismiss Star’s appeal as untimely.
We understand Stagecraft’s position to be that the motion for new trial filed by Thurman on February 23, 1972, does not hold in abeyance the judgment of February 18, 1972, as to Star because the trial court did not so decree. Consequently, the delays for Star’s right to apply for new trial commenced with notice of the judgment rendered Thursday, February 18, 1972, which notice was given that same date, and expired Wednesday, February 23, 1972. The delays for Star’s appeal then began February 24, 1972, and expired May 25, 1972. As a result, the appeal taken by Star on May 31, 1972, is untimely.
In so contending, Stagecraft relies upon LSA-C.C.P. art. 1971, and the jurisprudence as pronounced in Dantagnan v. Mancuso, La.App., 262 So.2d 580, and State, Department of Highways v. D & J Realty Co., La.App., 245 So.2d 465.
*341 LSA-C.C.P. art. 1971 provides:
“A new trial may be granted, upon contradictory motion of any party or by the court on its own motion, to all or any of the parties and on all or part of the issues, or for reargument only. If a new trial is granted as to less than all parties or issues, the judgment may be held in abeyance as to all parties and issues.”
Prior to the adoption of Article 1971, above, our jurisprudence was settled to the effect that the granting of a new trial held in abeyance the judgment originally rendered. Larose v. Naquin, 145 La. 1025, 83 So. 230.
The purpose of Article 1971, above, was to permit partial new trial similar to Federal rules of procedure. See Comment (e), Article 1971, above. This same comment notes that the authority to permit partial new trials should be sparingly exercised by the courts, and only where the several issues are clearly and fairly separable.
Following the advent of Article 1971, above, our courts have held that the timely filing of a motion for new trial suspends the operation of an otherwise final judgment until the motion is overruled and until the rendition of a new judgment if the motion is granted. Sanders v. Pacific Indemnity Company, La.App., 186 So.2d 887. See also Cooper v. Cooper, La.App., 158 So.2d 248.
Dantagnan is clearly distinguishable from the case at hand. In Dantagnan, plaintiff sued three defendants, namely, American Drug Store, Mancuso and Milaz-zo. After judgment, plaintiff moved for a new trial against American Drug Store and Mancuso, which motion was eventually denied, and plaintiff appealed as to all three defendants. The appeal was rejected as to Milazzo upon the Court’s noting that the motion for new trial was of no legal effect as regarded Milazzo inasmuch as plaintiff-appellant sought no new trial as to him. The court concluded the delays for appeal as against Milazzo commenced on the date of the original judgment, and had expired since the delays were not affected by plaintiff’s motion for new trial.
In the D & J Realty Co. case, above, one defendant moved for a new trial and a co-defendant appealed while the motion was still pending. The issue was whether a motion for new trial by one defendant suspended operation of the judgment as to a co-defendant until the motion was acted upon and, if so, whether the appeal was premature. The court held that a motion for new trial by one defendant does not suspend the judgment as to a co-defendant who filed no similar motion. The court noted that Article 1971, above, is permissive and vests the trial court with discretion to hold a judgment in abeyance as to all parties and issues when a new trial is granted as to less than all parties or issues. The court also found that no new trial had been granted any party, and since the trial court had not ordered the judgment held in abeyance, the judgment was not suspended as to the defendant who was not involved in the motion for new .trial, consequently his appeal was not premature.
Both of the cases relied upon by Stagecraft involve instances wherein less than all parties were involved in the motion for new trials.
In the case at bar, we are confronted with the novel situation wherein Thurman’s motion for new trial was granted as to all parties but not all issues, inasmuch as the motion was expressly limited to the questions of attorney’s fees and costs. The question, therefore, is since the motion was granted to all parties, does it ipso facto hold the judgment in abeyance as to all issues? We think not.
Article 1971, above, expressly provides that where the motion for new trial is granted as to less than all issues, the judgment may be held in abeyance. The unmistakable import of the Article is that the granting of a new trial as to less than all issues does not hold the judgment in abeyance in its entirety unless the trial *342 court so orders. The purpose to be served is to permit the immediate appeal of those clearly and fairly separable issues which are not involved in the motion for new trial. To hold that the granting of a new trial as to all parties automatically holds the judgment in abeyance as to all issues, although all issues are not involved in the motion for new trial, would divest the trial court of discretion to abate or not abate the judgment when a new trial is granted as to less than all issues. We believe any other conclusion would do violence to what we deem the intent of Article 1971, above.
The motion to dismiss the appeal of Star Electric Supply, Inc. is denied insofar as it is addressed to the issue of attorney’s fees due T. M. Thurman d/b/a Thurman Electric Company, and the taxing thereof as costs. The motion to dismiss is sustained as to all other issues posed by Star’s appeal; all costs of this motion to be paid by Stagecraft Industries, Inc.
Motion granted in part, and denied in part.