SARTAIN, Judge.
This case is before us on a motion to dismiss the appeal of Mrs. Leslie Ruth Jordan from a judgment of the Family Court of East Baton Rouge Parish which granted the temporary custody of her two children to their father.
Our review of the record discloses that on November 29, 1971, appellee, Wayne N. Jordan, filed suit against appellant, Mrs. Leslie Ruth Jordan, seeking an absolute divorce. By ex parte order on November 29, 1971, Wayne N. Jordan obtained the temporary custody of the two minor children of the marriage based upon his having had the actual physical custody of the children since June 25, 1971. On December 13, 1971, appellant answered and reconvened seeking a rule nisi against Wayne N. Jordan for a change of custody of the two children. On December 14, 1971, a rule nisi issued out of the Family Court for the Parish of East Baton Rouge directing Wayne N. Jordan to show cause why the custody of the two minor children should not be awarded to their mother, Mrs. Leslie Ruth Jordan. On January 6, 7, and 12, 1972, the rule was heard and the case was taken under advisement.
On February 9, 1972, judgment was rendered recalling the rule and granting the custody of the two minor children to Wayne N. Jordan. This judgment was signed by the trial judge on February 17, 1972. On February 21, 1972, appellant, Mrs. Leslie Ruth Jordan, filed a pleading which she labeled “Application for Rehearing on Rule for Custody and Motion to Amend Judgment”, wherein she requested that the judgment which was signed on February 17, 1972, be amended to insert the word “temporary” in the grant of custody of the two children to Wayne N. Jordan. Pursuant to this motion and after hearing the trial court on March 9, 1972 rendered another judgment amending the February 17, 1972 judgment to insert the word “temporary” in the award of custody to Wayne N. Jordan. This amended judgment was not signed until October 17, 1972.
Appellant, Mrs. Jordan, filed for and obtained an order of appeal on March 14, 1972. Her bond was also filed on March 14, 1972. Shortly after the case was filed in this court, appellee, Wayne N. Jordan, filed a motion to dismiss the appeal on March 7, 1973. We issued a show cause order herein on March 14, 1973, returnable on April 3, 1973.
Appellee contends that the appeal should be dismissed on jurisdictional grounds because the judgment of March 9, 1972, which modified the February 17, 1972 judgment was not signed until October 17, 1972 and thus this case was in no posture from which an appeal could have been taken as of March 14, 1972, when the appeal was supposedly perfected. It is argued by appellee in brief that the effect of the initial judgment was suspended until the new judgment was signed. With this contention we agreed.
In passing on a similar contention in the case of Cooper v. Cooper, 158 So.2d 248 (1st La.App.1963), writ refused, 245 La. 632, 160 So.2d 225 (1964), this court stated at page 250:
“It is well established that the timely filing of a motion for new trial suspends the operation of an otherwise final judgment until the motion is overruled. (Should the motion be granted, this likewise suspends the judgment until a new judgment can be rendered and signed.) McWillie v. Perkins, 20 La.Ann. 168; LaRose v. Naquin, 145 La. 1025, 83 So. 230; LaFrenz v. LaBaw, La.App., 21 *763 So.2d 71; Herold v. Jefferson, 172 La. 315, 134 So. 104. Also see LSA-Code of Civil Procedure Arts. 3943, 3942 and 2087 which suspend the right of appeal in a custody case where a motion for new trial is timely filed and pending until thirty days from final judgment on the new trial motion.”
In the case at bar, on February 21, 1972, appellant timely filed her motion for rehearing, which was in effect a motion for new trial. According to the judgment signed October 17, 1972, a hearing was held on March 9, 1972 at which time the judge a quo rendered judgment amending the February 17, 1972 judgment. However, this new judgment was not signed until October 17, 1972. Accordingly, the prior judgment of February 17, 1972, was suspended pending rendition and signing of the new judgment and appellant could not perfect an appeal from that judgment as of March 14, 1972. The delays for taking an appeal in this case did not begin to run until the final judgment was signed on October 17, 1972.
Appellant contends that the judgment rendered on March 9, 1972, which modified the prior judgment was an interlocutory judgment which did not need to be signed in order for an appeal to be taken therefrom. In support of this contention appellant cites the cases of Simon v. Lumbermens Mutual Casualty Company, 138 So.2d 465 (3rd La.App. 1962); Kleinpeter v. Kleinpeter, 246 So.2d 240 (1st La.App. 1971); Sidney Printing and Publishing Company v. Foshee, 205 So.2d 626 (1st La.App. 1967), and Williams v. Williams, 227 So.2d 752 (1st La.App.1969). We find those cases inapposite to the case at bar. In each of those cases motions for new trial were denied and the denials of the motions were held to be interlocutory decrees which did not need to be signed to be effective. The fact that appellant’s motion for an appeal on March 14, 1972, came prior to the signing of the judgment appealed from, her efforts to appeal were not in vain. Ordinarily, when we receive a record on appeal which does not contain a signed judgment, we remand the case to permit the signing of a judgment for the purpose of completing the record. The same would be true in this case if the record had reached us prior to October 17, 1972, when the judgment was signed.
We find more appropriate to the present case the facts presented in Cooper v. Cooper, supra, wherein an application for rehearing in the Family Court for the Parish of East Baton Rouge was predicated upon the failure of the initial judgment signed by that court to provide visitation privilege restrictions in accordance with the judg-' ment which had been rendered in open court. The initial judgment was modified to provide the visitation privilege restrictions and this court held that such modification amounted to the granting of a new trial which suspended the effect of the prior judgment until rendition and signing of the corrected judgment. This is precisely the situation in the case at bar, and we hold the modification of the February 17, 1972, judgment on March 9, 1972, to be in fact the granting of a new trial which suspended the prior judgment until the new judgment was rendered and signed on October 17, 1972.
Accordingly, for the above reasons, the appeal of Mrs. Leslie Ruth Jordan is dismissed at her costs.
Appeal dismissed.