315 So.2d 840 (1975)
Bill G. READY
v.
SUN OIL COMPANY.
No. 10362.
Court of Appeal of Louisiana, First Circuit.
June 30, 1975.
*841 John N. Gallaspy and Michael J. Paduda, Jr., Bogalusa, for appellant.
France W. Watts, III, Franklinton, for Sun Oil Co.
Donald M. Fendlason, Bogalusa, for Charles Miller.
Before LOTTINGER and COVINGTON, JJ., and BAILES, Judge Pro Tem.
BAILES, Judge Pro Tem.
We have here an appeal without a final judgment. We notice this sua sponte.
The trial court awarded judgment against the plaintiff. This judgment was in writing and signed by the judge. Plaintiff timely applied for a new trial which was granted by the trial court. The new trial was limited to a consideration of the facts to be testified to by one witness who was not available at trial.
In oral argument, attorney for Sun Oil Company stated that the trial court did not act on the motion for the new trial until after the deposition had been taken and submitted for consideration. Further, that after consideration by the trial court, it denied the motion on its finding that the facts testified to in the deposition did not change the conclusion previously reached nor its judgment.
The record refutes this position of Sun Oil Company. The minutes of the trial court clearly reflect that a new trial was granted. In the record we find the following exact of the minutes:
 "September 21, 1973
"This cause come on to be heard on rule. Present, John Gallaspy, attorney for plaintiff and France W. Watts, III attorney for defendant. The matter was taken up, argued and submitted to the Court and the Court ruled that it would reopen the matter for the purpose of submitting the deposition of Ken Myers in the record within thirty days and at that time the matter will be taken under advisement."
On April 15, 1974, the trial judge, in passing on the deposition which had been filed in evidence, rendered the following written reasons for judgment:

"REASONS FOR JUDGMENT
"The Court will maintain its original decision. There are written documents in the record which are contrary to plaintiff's position. An additional document is alleged, but has not been produced, and the witnesses are not in accord as to its terms. Consequently, the evidence is insufficient to overcome or vary the terms of the agreements which were reduced to writing and produced.
"Judgment in accordance with the above will be signed when presented."
The effect of the granting of the new trial was to suspend the previously rendered and signed judgment. In order for the judgment of the trial court rendered after the new trial was granted to be appealable it must have been reduced to writing and signed by the judge. This was not done.
*842 In Broyles v. Broyles, 209 So.2d 60 (La.App.1968), we stated:
"For the judgment, previously suspended by the granting of new trial, even though for a limited purpose, to be final, it was necessary for the trial court to sign a judgment finalizing its rendition. Until this was done by the trial court there was no final judgment rendered * * * within the contemplation of LSA-C.C.P. Article 2083. See Cooper v. Cooper, (La.App. 1963), 158 So.2d 248."
Also see: Sanders v. Pacific Indemnity Co., 186 So.2d 887 (La.App. 1st Cir. 1966); and Larose v. Naquin, 145 La. 1025, 83 So. 230 (1919).
For these reasons, this Court has no jurisdiction herein. Accordingly, this appeal is dismissed as premature. Costs hereof to be assessed equally between the parties.
Appeal dismissed.