PONDER, Judge.
This is a suit for damages for breach of contract. The trial court dismissed plaintiff’s suit and defendant’s third party demand. We dismissed plaintiff’s appeal for lack of a final judgment. Ready v. Sun Oil Co., 315 So.2d 840 (1st Cir. 1975). A final judgment was obtained and plaintiff has appealed again.
The sole issue is whether or not plaintiff has borne his burden of proof. We affirm.
In 1968, Bill G. Ready, plaintiff, leased a service station in Bogalusa to Sun Oil Company for two cents per gallon. Subsequently, Sun, by written agreement, subleased the station to Ready’s brother-in-law, Charles Miller, for one-half cent per gallon. Plaintiff filed this suit in 1971, for -the payment of an additional one cent per gallon purportedly due under an alleged side agreement among Ready, Miller and Sun. Sun filed a third party demand against Miller.
Ready, who was owner and manager of a Sun Oil Company service station, needed three cents per gallon rental to be able to purchase and pay for another station. However, it was Sun Oil’s policy never to pay over two cents per gallon rental on any site. According to Ready, in order to get around the policy, Sun agreed to pay two cents per gallon to him directly and to pay an additional one cent per gallon through Miller, who by contract was being charged one half cent per gallon rental by Sun, but was actually paying one and a half cents per gallon, one half cent to Sun and one cent to Ready. Ready received payments of one cent per gallon from Miller from the opening of the station in 1968, through June 1971.
T. E. Williams, Sun’s territorial salesman and the person who represented Sun in negotiations with Ready, testified that he personally presented Ready’s three cent per gallon demand to Sun officials, that the demand was refused, that Ready was so informed, and that Ready agreed to receive two cents per gallon as per the written lease. He denied the existence of any side agreement. Mr. A. K. Rohwedder, Williams’ immediate superior, deposed that there was never any agreement for more than two cents per gallon and Sun never paid more than two cents per gallon. McNeil Hower and Robert Farrell, representatives of Sun in the Bogalusa area after Williams, admitted they knew Miller was paying one cent per gallon to Ready, but testified they did not know why.
Charles Miller testified that Williams drew up a side agreement whereby he (Miller) was obligated to pay Ready one cent per gallon; he never leased from Ready, but the one cent per gallon was necessary so Ready would get three cents per gallon. He quit paying Ready because representatives of South Central Oil, a subsidiary of Sun, told him to.
Ken Myers, a former territorial salesman of Sun, testified that Ready was paid three cents per gallon, two cents directly and one from Miller. The testimony of Myers is in hopeless conflict with that of plaintiff. As *1329 an example, according to Myers, the side agreement was handwritten, signed and sent to the home office for typing. According to Ready, Williams typed up the agreement in the rear of a pickup truck in Boga-lusa and it was executed immediately thereafter in a local restaurant.
The trial judge viewed Ready, Miller, Williams, Hower and Farrell as they testified and determined that Ready had failed to prove any obligation on Sun’s part to pay the additional one cent per gallon. We are unable to say that the trial judge’s evaluation of credibility is in conflict with the record. The testimony of Rohweeder and that of Williams are fully supported by the leases and office correspondence introduced into evidence.
Accordingly, we affirm; appellant is cast with all costs.
AFFIRMED.