BRETT JOSEPH CHIASSON,
v.
GISELLE BUSTILLO CHIASSON.
No. 2009 CU 1554.
Court of Appeals of Louisiana, First Circuit.
February 12, 2010.
Not Designated for Publication
BRADLEY BERNER, Counsel for Plaintiff/Appellant Brett Joseph Chiasson.
MITCHELL J. HOFFMAN, SHERMAN MACK, JEFFERY T. OGLESBEE, Counsel for Defendant/Appellee Giselle Bustillo Chiasson.
Before: DOWNING, GAIDRY, and McCLENDON, JJ.
DOWNING, J.
Dr. Brett Chiasson appeals the trial court's custody ruling to the extent that it denied him additional physical custody of his minor children. For the following reasons, we affirm the judgment of the trial court.

PERTINENT FACTS AND PROCEDURAL HISTORY
Dr. Brett Chiasson and Giselle Bustille Chiasson were married in 1991 after Dr. Chiasson completed medical school. They are the parents of two minor children, CC, who was born in 1995, and D.C, who was born in 2001. The Chiassons were ultimately divorced on June 19, 2007. On March 19, 2008, Dr. Chiasson filed a Petition for Custody and prayed that the parties be awarded joint custody of the minor children.
Follow a hearing on May 5, 2008, a judgment was rendered and signed on July 2, 2008.[1] The judgment awarded the parents joint custody of their minor children, with Ms. Chiasson being designated as domiciliary parent, with Dr. Chiasson exercising physical custody on Tuesdays after school until 9:00 p.m., on Thursdays after school and overnight, and on alternating weekends from Friday until Sunday at 5:00 p.m.
On July 11, 2008, Dr. Chiasson filed a motion for new trial contending that the judgment was clearly contrary to the law and evidence and that he had discovered new information relevant to the legal and physical custody of the children. Dr. Chiasson asserted that this new information revealed that it was in the best interest of the children to spend more time uninterrupted with their father during the school year, including having overnight physical custody on Tuesday and Sunday nights. On October 30, 2008, the trial court granted Dr. Chiasson's motion for new trial.
Following the new trial hearing, the trial court continued the same physical custody schedule as the July 2, 2008, judgment, with the following modifications: (1) Tuesday nights with Dr. Chiasson would end at 7:00 p.m. rather than 9:00 p.m., and (2) and Dr. Chiasson was awarded an additional overnight stay on Sunday night every other alternating custodial weekend. Judgment was signed accordingly.
Dr. Chiasson now appeals, asserting that the trial court should have awarded him the extra overnight custody he requested to avoid more transfers and disruptions to the children's lives.

DISCUSSION
Normally, the party seeking to modify a considered decree of permanent custody bears the difficult burden of proving that the continuation of the present custody situation is so deleterious to the child as to justify a modification of the custody decree, or of proving by clear and convincing evidence that the harm likely to be caused by a change of environment is substantially outweighed by its advantages to the child. Bergeron v. Bergeron, 492 So.2d 1193, 1200 (La. 1986). We note, however, that the heightened standard does not apply in this case insofar as the trial court granted a new trial in accord with La. C.C.P. arts. 1971 and 1973. The grant of a new trial suspended the judgment previously rendered and signed. Ready v. Sun Oil Co., 315 So.2d 840 (La.App. 1 Cir. 1975). As such, the reviewing court does not compare the later judgment to the earlier judgment, even when two judgments pronounce contrary results. The reviewing court disregards the judgment that was set aside and reviews the subsequent judgment under the applicable standards of appellate review in light of the evidence in the record. Gilley's v. Wendy's Inc., 31,353, pp. 11-12 (La.App. 2 Cir. 12/9/98), 723 So.2d 517, 523.
In the absence of an agreement, the court shall award custody to the parents jointly. La. C.C. art. 132. To the extent it is feasible and in the best interest of the child, physical custody of the children shall be shared equally. La. R.S. 9:335(A)(2)(b). The law does not mandate equal sharing, and the trial court is imbued with much discretion in the determination of what constitutes physical custody or feasible, reasonable visitation. The paramount consideration is always the best interest of the child. Stephens v. Stephens, 02-0402, p. 7 (La.App. 1 Cir. 6/21/02), 822 So.2d 770, 777. Because of the trial court's mandate and great discretion for considering the best interest of the child, joint custody does not mean a fifty-fifty sharing of time on the strength of feasibility alone." Stephens, 02-0402, pp. 7-8, 822 So.2d at 777. This court further stated:
[O]nce a joint custody arrangement has been decreed, the court shall, except for good cause shown, render a joint custody implementation order allocating the time that each parent is to have physical custody of the minor child. Enough time should be given so that each parent is assured they will be in "frequent and continuing contact" with the child. However, only if it is both feasible and in the best interest of the child, should the court consider granting equal physical custody to the parents. The "best interest of the child" inquiry is the dominant consideration in any custody determination and cannot be "balanced" against any other right or privilege.
Id.
The record clearly establishes that it is feasible to award Dr. Chiasson the additional overnight visitation he requests so that the parents could have equal time with the children. As such, we must determine whether the trial court abused its discretion in finding that it was not in the best interest of the children for Dr. Chiasson to be awarded the requested additional overnight visitations.
The trial court properly considered the factors under La. C.C. art. 134 to determine if the proposed custody arrangement was in the best interest of the children. Although the trial court found that the parties compared favorably in many of the factors, the court indicated that Dr. Chiasson was the "rock" of the family and the more stable parent of the two. Additionally, the trial court remarked that "it's very impressive to see a father fighting to spend time with his children."
The trial court's findings, coupled with its award of physical custody for one additional overnight stay per month, clearly reflects that the trial court determined that it was in the best interest of the children to spend additional time with their father. Even so, in reviewing Article 134's criteria, the court's chief reason for allowing Dr. Chiasson only one additional overnight of physical custody was because it appeared that the children "like[d] the routine from the family" and the arrangement provided the children "stability."
Considering the trial court's proper application of the La. CC. art 134 factors and its reasonable actions based thereon, we conclude the trial court did not abuse its discretion in setting the award of physical custody between Dr. and Mrs. Chiasson. We acknowledge that had we been sitting as trial court, we may have resolved the matter differently. Since the trial court did not abuse its discretion, however, we must affirm the judgment.

DECREE
For the foregoing reasons, we affirm the judgment of the trial court. Costs of this appeal are assessed against Dr. Brett Joseph Chiasson.
AFFIRMED
McCLENDON, J., dissents and assigns reasons.
I respectfully disagree with the majority's conclusion that the trial court did not abuse its discretion in failing to award Dr. Chiasson the additional overnight visitation he sought with his children.
There was overwhelming testimony that the children were not thriving in the current environment with C.C. suffering from depression, requiring prescriptive medication, and D.C. sleeping an inordinate amount of time during the day. Dr. Chiasson testified that he believed he could help his children with these issues if he were able to spend more time with them. Moreover, testimony revealed that C.C. was being pulled in different directions, and that C.C. felt obligated to take care of his mom, who had periods of emotional instability both before and after the separation from Dr. Chiasson.[1]
Although the majority acknowledges that it was feasible to award the overnight visitation and the trial court found it in the best interest of the children to spend additional time with their father, the majority affirms the trial court's decision because the trial court found that the children "like[d] the routine from the family" and the arrangement provided the children "stability."[2] However, the reasoning of the trial court is contrary to the result reached. In fact, the father's requested visitation schedule actually affords more stability and fewer exchanges than the visitation ordered by the court. Under the trial court's order, Dr. Chiasson is required to return the children on Sunday night of every other alternating custodial weekend and is required to pick the children up from school on Tuesdays, but return them to Mrs. Chiasson at 7:00 p.m. Dr. Chiasson sought to keep the children overnight and take them to school the next day. While there is a need for stability, additional exchanges every Tuesday evening and every fourth Sunday is more disruptive to the children than merely allowing the children to be with their father overnight on the nights at issue. Moreover, in crafting its judgment, the trial court, while finding it in the children's best interest to spend additional time with their father, effectively reduced the time the children spent with their father every Tuesday night by two hours.
Clearly, it was feasible and in these children's best interest to grant Dr. Chiasson the relief he sought. Further, the paramount interest in all child custody cases must be the best interests of the minor children. In light of the foregoing and under the extraordinary circumstances presented herein, I find that the trial court abused its discretion in failing to award Dr. Chiasson the additional overnight visitation requested. Accordingly, I respectfully dissent.
NOTES
[1] Although the judgment is entitled "Consent Judgment," all parties agree that it was a considered decree.
[1] Ms. Chiasson's action during the pertinent period included firing a weapon in the family home, attempted suicide, and breaking into her estranged husband's home.
[2] While the trial court indicated that the children liked the routine of the family, neither child testified or spoke to the trial judge at the time of the hearing.