ON MOTION TO DISMISS
STOULIG, Judge.
The issue presented by this motion to dismiss is whether the appellants have timely perfected their devolutive appeal against appellee Anthony Milazzo.
A review of the pertinent parts of the record reveals that the plaintiffs filed a tort action on February 21, 1968, against *581 several defendants for personal injuries sustained by Mrs. Lena Dantagnan on July 22, 1967, caused by her tripping and falling on the sidewalk abutting the American Drug Store. Appellee Milazzo was not included as a defendant in this pleading. Subsequently, on July 23, 1968, plaintiffs filed a supplemental petition naming Anthony Milazzo as a party defendant. Mr. Milazzo filed his answer in which he urged the prescriptive plea of one year.
In due course, on June 22, 1971, the trial court rendered judgment in favor of the plaintiff and against the defendant the American Drug Store. It simultaneously dismissed Anthony J. Milazzo and Frank Mancuso as defendants.
Plaintiff filed a motion for a new trial on July 6, 1971, against American Drug Store, Inc., and Frank Mancuso. The rule issued in connection therewith directed these two parties to show cause why the judgment should not be set aside and a new trial granted for its failure to cast Frank Mancuso jointly, severally, and solidarity liable with American Drug Store. Milazzo was not made a party to this motion nor was he ever notified of the proceeding.
After a contradictory hearing, the trial court denied the motion for a new trial on November 17, 1971. On December 8, 1971, plaintiff secured an order granting a de-volutive appeal from the judgment rendered on June 22, 1971, and on the same day posted the prescribed bond of $250.
Whether or not the appellants have timely perfected their devolutive appeal against file defendant Milazzo depends upon what effect, if any, the filing of the motion for a new trial against the codefendant has on the tolling of the 90-day period allocated for this purpose by LSA-C.C.P. art. 2087.
LSA-C.C.P. art. 1971[1] permits the granting of a new trial to all or any of the parties and on all or part of the issues. If granted as to less than all parties or issues, the judgment may be held in abeyance as to all parties and issues. Apparently acting under the authority of this article, the appellants elected to seek a new trial against only some of the defendants — the American Drug Store and Frank Mancuso. For reasons best known to themselves they excluded Milazzo and did not request that the judgment, as it related to him, be held in abeyance pending the disposition of their motion against his codefendants.
The filing of this motion produced the legal consequence of staying the judgment against Mancuso and the American Drug Store until its merits were passed upon by the trial court. It had no effect whatever on the status of Mr. Milazzo or his procedural rights arising out of the rendition of the judgment on June 22, 1971.
Under LSA-C.C.P. art. 1974,[2] appellants had three days after the mailing of the notice of judgment on June 22, 1971, within which to file a motion for a new trial against Milazzo. They did not do so and as a result, after the expiration of this period, the 90 days prescribed in C.C.P. art. 2087 [3] for the taking of a devolutive appeal and the furnishing of security began to toll.
*582 Accepting arguendo the computation of mover that the delay for applying for a new trial expired on June 28, 1971, though we determine it to be June 25, the appellants had until September 26, 1971, to obtain their order for a devolutive appeal against Milazzo and to post the bond prescribed therein. The record affirmatively establishes that these actions were not effected by appellants until December 8, 1971- — long after the period for taking such an appeal against Milazzo had expired.
As previously stated, the filing of a motion for a new trial against certain of the other defendants had no legal significance as to Milazzo, absent an order of the trial court holding the judgment in abeyance as to all parties and issues. This conclusion is in accord with the jurisprudence expressed in the case of State, Department of Highways v. D & J Realty Co., 245 So.2d 465, 469 (La.App. 2d Cir. 1971), which held:
“We hold that the filing of a motion for a new trial by one defendant does not suspend the operation of a judgment as to a co-defendant who has not filed a motion for new trial.
H* * * * * *
“The language of this Article is permissive and grants the trial court discretion to hold the judgment in abeyance as to all parties and issues if a new trial is granted to less than all parties or issues. Here, a new trial has not been granted to any party and the trial judge has not ordered the judgment held in abeyance. * * * ”
Though the cited case involves the action of one defendant quoad a codefendant, by analogy it can be applied to the matter before us since any litigant can seek a new trial against all or any of the parties to the proceeding (C.C.P. art. 1971). We can, therefore, equate the appellants with the defendant who sought the new trial in the D & J Realty Co. case and affirm that the filing of a motion for a new trial by a plaintiff against one defendant will not suspend the operation of the judgment as to a codefendant against whom a motion was not lodged.
There is no evidence in the record of any order of the trial court holding in abeyance the efficacy of its judgment pending the disposition of the motion for a new trial.
For these reasons and those hereinbefore expressed, the appeal of Norman Dantag-nan and Mrs. Lena Dantagnan against Anthony Milazzo is hereby dismissed at appellants’ costs. In all other respects the appeal is maintained pending further proceedings in this court.
Appeal dismissed.

. LSA-C.C.P. art. 1971:
“A new trial may be granted, upon contradictory motion of any party or by the court on its own motion, to all or any of the parties and on all or part of the issues, or for reargument only. If a new trial is granted as to less than all parties or issues, the judgment may be held in abeyance as to all parties and issues.”

. LSA-C.C.P. art. 1974:
“The delay for applying for a new trial shall be three days, exclusive of legal holidays. Except as otherwise provided in the second paragraph hereof, this delay commences to run on the day after the judgment was signed.
“When notice of the judgment is required under Article 1913, the delay for applying for a new trial commences to run on the day after the clerk has mailed, or the sheriff has served, the notice of judgment as required by Article 1913.”

.LSA-C.C.P. art. 2087:
“Except as otherwise provided in this article or by other law, an appeal which does not suspend the effect or the execu *582 tion of an appealable order or judgment may be taken, and the security therefor furnished, within ninety days of:
(1) The expiration of the delay for applying for a new trial, as provided by Article 1974, if no application lias been filed timely * *