ON THE MOTION TO DISMISS APPEAL
LEAR, Judge.
Separate judgments were rendered in favor of the three defendants, Ethicon, Inc., State of Louisiana through the Department of Health and Human Resources and Felicia Leday Esprit, dismissing, with prejudice, plaintiff’s action against each defendant. These judgments were all signed on November 10, 1980, and notice of judgment was sent to the parties on that date. On November 17, 1980, plaintiff filed a motion for a new trial from “the jury verdict of October 31, 1980, judgment signed November 10, 1980 . . .”, which judgment dismissed plaintiff’s suit against Ethicon, Inc. On February 6, 1981, plaintiff’s motion for a new trial was heard and denied, and the judgment denying the new trial was signed that day. On February 25, 1981, plaintiff filed a petition for appeal, seeking an appeal from all three of the above referred to judgments, and an order of appeal against all three defendants was signed on February 26, 1981.
A motion to dismiss plaintiff’s devolutive appeal was filed on June 5, 1981, and a show cause order was issued on June 9, 1981, as to why this appeal should not be dismissed for untimely filing as to defendants-appellees Department of Health and Human Resources and Felicia Leday Esprit. On June 24, 1981, plaintiff filed a stipulation to show cause order, in which she “consents and stipulates to judgment of this Honorable Court maintaining the motion to dismiss appeal . . . . ”
We hold that the appeal taken on February 26, 1981, was untimely and must be dismissed insofar as it affects the State of Louisiana through the Department of Health and Human Resources and Felicia Leday Esprit.
We find that the filing of the motion for a new trial by plaintiff against one defendant, Ethicon, Inc., did not suspend the operation of the judgment as to the other two co-defendants against whom the motion was not filed. And, there is no evidence in the record of any request by plaintiff or order of the trial court holding in abeyance the judgment relating to DHHR and Esprit, pending the disposition of the motion for a new trial. See Dantagnan v. Mancuso, 262 So.2d 580 (La.App. 4th Cir., 1972).
LSA-C.C.P. art. 1974 provides that the seven day delay for a new trial application commences to run on the day after the signing of the judgment or the mailing of the notice of judgment, if required. Arts. 2123 and 2087 of the Louisiana Code of Civil Procedure provide, respectively, that the thirty and sixty day delays for taking sus-pensive and devolutive appeals begin to run on the day following expiration of the delay for applying for a new trial if no such application has been timely filed.
Accordingly, as regards the defendants against whom a motion for a new trial was *311 not filed, the deadline for a devolutive appeal from the November 10,1980, judgment expired on January 19, 1981. For these reasons, and considering the above referred to stipulation by plaintiff, plaintiff’s appeal as to DHHR and Esprit, obtained by order signed on February 26, 1981, was untimely and is therefore dismissed.
MOTION TO DISMISS APPEAL AS TO DEPARTMENT OF HEALTH AND HUMAN RESOURCES AND FELICIA LE-DAY ESPRIT GRANTED.