HAMLIN, Justice ad hoc.
On September 12, 1956, Eddie Arceneaux filed suit against his wife, Margaret Stutes Arceneaux, for a divorce “a vinculo matrimonii”, on the ground of adultery. Mrs. Arceneaux did not file an answer.
A preliminary default taken by the plaintiff was confirmed on October 10, 1956, and judgment granting plaintiff an absolute divorce from his wife was rendered and signed on said date.
Plaintiff alleged in his petition that no children were born of the marriage, and that no community property was acquired; hence, there was no settlement of any community property.
Eddie Arceneaux died on October 14, 1956.
On November 8, 1956, defendant petitioned the court to name: the son of the deceased by a previous marriage as a substituted party-plaintiff to the suit, praying that a curator-ad-hoc be appointed to represent him as a minor, and that a suspensive appeal be granted.
The trial court acted in accordance with defendant’s prayer, and the transcript was filed in this Court on December 17, 1956.
On December 18, 1956, the curator-adhoc filed a motion to dismiss the appeal taken by the defendant, on the ground that the question of divorce was personal and *497 had become moot upon the death of Eddie Arceneaux. He contended that since there were no children nor community involved, it would be a vain and useless thing for this Court to consider the case.
Defendant filed an opposition to the motion to dismiss, denying that the question was moot. She alleged that there was certain property acquired during the marriage, and that there was involved the cash value of a life insurance policy in which she was named the beneficiary as long as she remained the wife of plaintiff.
We believe that the curator-adhoc is correct in his contention that the question of divorce between Eddie Arceneaux and Margaret Stutes Arceneaux has become moot. Article 136 of the LSA-Civil Code provides that the bond of matrimony is dissolved by the death of husband or wife. This dissolution is final despite any separation or divorce action pending in any court of law. When Eddie Arceneaux died on October 14, 1956, the marital status between him and Margaret Stutes Arceneaux was completely dissolved. At that moment, the wife was free to remarry. If Eddie Arceneaux had not been the successful litigant in his divorce proceeding, she would still have enjoyed this privilege at his death. It follows that this Court cannot consider an appeal from a judgment of divorce when there is no longer any existing marriage. Such would be a vain, useless, and illegal gesture.
We then come to the question of the status of the divorce decree rendered against Margaret Stutes Arceneaux by the trial court.
Article 565 of the Louisiana Code of Practice provides that one has an appeal from all final judgments, whether rendered after hearing the parties or by default. Louisiana LSA-Revised Statutes 13:4452 and Article 573 of the Louisiana Code of Practice allow thirty days for the taking of an appeal from a judgment of divorce. When plaintiff died on October 14, 1956, the judgment of divorce which he had secured was not final. Death prevented the wife’s contesting such judgment. Her intention to do so was expressed by the appeal which she filed on November 8, 1956.
Under such circumstances, we hold that the marriage between Eddie Arceneaux and Margaret Stutes Arceneaux was dissolved by Eddie Arceneaux’ death and not by the judgment of divorce which had not become final.
For the reasons assigned, the motion to dismiss the appeal is granted.
Appeal dismissed.