543 So.2d 552 (1989)
Freeman JACKSON, Husband of/and Elaine Jackson
v.
Darren P. QUICK, State Farm Insurance Company and Fair Grounds Corporation.
No. 88-CA-2209.
Court of Appeal of Louisiana, Fourth Circuit.
April 27, 1989.
Writ Denied June 30, 1989.
*553 Gregory P. Di Leo, New Orleans, for appellant.
Lawrence J. Centola, Jr., Carmouche, Gray & Hoffman, P.C., New Orleans, for Fair Grounds Corp.
Donna R. Moliere, Sessions, Fishman, Boisfontaine, Nathan, Winn, Butler & Barkley, New Orleans, for Darren P. Quick and State Farm Ins. Co.
Before GARRISON, CIACCIO and ARMSTRONG, JJ.
CIACCIO, Judge.
Plaintiff appeals a judgment notwithstanding the verdict in favor of defendant, Fair Grounds Corporation.[1] Plaintiff raises four assignments of error. We affirm.
Plaintiff was injured on a rainy March afternoon when he was hit by a car in the parking lot at the Fair Grounds. Defendant Quick was driving that car. The essence of plaintiff's case against the Fair Grounds is that it was negligent or strictly liable, or both, because the parking lot had no pedestrian crosswalks or warning signs to motorists to watch out for pedestrians.
This accident occurred in the travel lanes which cross the parking lot immediately behind the Fair Grounds clubhouse. Plaintiff had exited the clubhouse to head across the parking lot to his car. When he reached the travel lanes immediately behind the clubhouse he looked left and saw no cars approaching. When he looked right he saw a car approaching fast in the travel lane farthest from him. He crossed the nearer travel lane and stopped to wait for the fast approaching car to pass. As this car passed, it hit a puddle and splashed plaintiff with rainwater. Plaintiff was then knocked to the ground from a collision with Mr. Quick's automobile, which was approaching from the left.
The jury found Quick, the Fair Grounds, plaintiff and the "phantom auto" negligent, but found that neither Quick's negligence nor plaintiff's negligence was a cause-in-fact of the accident. The jury found that the negligence of the Fair Grounds was a cause-in-fact of the accident, and found that there was a defect in the premises which posed an unreasonable risk of harm to the plaintiff. The jury assessed the percentages of "negligence" (the interrogatories did not ask for an assessment of "fault") at 85% to the Fair Grounds and 15% to the "phantom auto."
In ruling on a motion for judgment notwithstanding the verdict, the trial judge considers all of the evidence and reasonable inferences in the light most favorable to the party opposed to the motion. If the facts and inferences point so strongly and overwhelmingly in favor of one party that the court believes that reasonable persons could not arrive at a contrary verdict, the motion should be granted and the trial judge should render a judgment notwithstanding the jury's findings. On the other hand, if there is substantial evidence of such quality and weight that reasonable and fair minded persons in the exercise of impartial judgment might reach different conclusions, the motion for judgment notwithstanding the verdict should be denied. In applying this standard, the court does not weigh the evidence, pass on the credibility of the witnesses, or substitute its factual judgment for the jury's. Blum v. New Orleans Public Service, Inc., 469 So. 2d 1117, 1119 (La.App. 4th Cir.1985), writ denied, 472 So.2d 921 (La.1985). Questions of the existence of a duty and violation of *554 that duty by defendant are legal questions within the province of the judge to decide. Silliker v. St. Landry Policy Jury, 520 So.2d 880, 884 (La.App. 3d Cir.1987), citing Rawls v. Damare, 377 So.2d 1376, 1379 (La.App. 4th Cir.1979), writ refused, 380 So.2d 72 (La.1980).
Plaintiff's first and last assignments address issues which are essentially procedural. Plaintiff's other two assignments are directed more toward the merits of his claim. We address the procedural issues first.
Plaintiff's first assignment of error is that because defendant's motion argued jury error as to only the finding of negligence, the court was not authorized to grant a judgment notwithstanding the verdict as to strict liability. In a suit against the owner of a thing for injuries alleged to have been caused by its condition, the difference between negligence and strict liability is defendant's knowledge. Defendant's knowledge of the condition of the thing must be shown to establish La.C.C. Art. 2316 negligence. For purposes of establishing La.C.C. Art. 2317 strict liability, which arises from the mere fact of the owner's relationship with and responsibility for the damage causing thing, defendant's knowledge will be presumed. The duty (to take reasonable steps to prevent injury as a result of the thing's presenting an unreasonable risk of harm) which arises is the same. Kent v. Gulf States Utilities Co., 418 So.2d 493 (La.1982). In this case, defendant's knowledge of the condition of its parking lot is not at issue. In considering whether defendant was liable for maintaining its parking lot so that it posed an unreasonable risk of harm and caused plaintiff's injuries, the trial court's analysis was the same under either negligence or strict liability. The court, therefore, was not restricted to negligence when considering the motion for judgment notwithstanding the verdict.
Plaintiff's last assignment of error is that since the trial judge denied defendant's motion for a directed verdict he could not have properly granted defendant's motion for judgment notwithstanding the verdict because the factors considered are the same for determining the merits of either motion. Plaintiff argues logic, not law, and his logic is flawed. The two motions are made at different stages of the proceedings. While the factors to be considered are categorically the same, the substance of those factors changes from the close of plaintiff's case when defendant moves for a directed verdict to the end of the trial when a motion for judgment notwithstanding the verdict is made. A trial judge's decision at the close of plaintiff's case that plaintiff arguably may have presented sufficient evidence to support his claim does not preclude a determination at the end of trial that the facts and inferences derived from all the evidence point so strongly and overwhelmingly in favor of one party that the court believes reasonable persons could not arrive at a contrary verdict. Further, when a defendant, rather than rest upon its motion for directed verdict, introduces evidence after the denial of that motion, defendant is deemed to have abandoned the motion and the evidence in the case is judged on the entirety of the record. Dunaway v. Rester Refrigeration Service, Inc., 428 So.2d 1064, 1072 (La.App. 1st Cir.1983), writ denied, 433 So.2d 1056, 1057 (La.1983).
Additionally, although the federal rules of civil procedure are the source for our procedure articles, plaintiff argues that we should not consider federal jurisprudence as an aid to interpreting the articles because the federal rules require a motion for a directed verdict to be made to preserve the opportunity to move for judgment notwithstanding the verdict, but our state procedure omits that requirement. Although our state procedure does not include that requirement, our state procedure does not prohibit making both motions. Under plaintiff's approach having both motions is unnecessary: if a motion for directed verdict is denied, plaintiff argues that a subsequent motion for judgment notwithstanding the verdict is futile as it must necessarily be denied; and of course, if a motion for directed verdict is granted, no motion for judgment notwithstanding the verdict could *555 arise. The procedural scheme, state or federal, was not designed as a futile exercise in motion pleading technicalities. We find neither logical nor legal reason why the denial of a motion for directed verdict must necessarily preclude the subsequent granting of a motion for judgment notwithstanding the verdict made on the same ground.
Plaintiff's remaining two assignments of error address the merits of his case and the trial court's application of the standard for determining the merits of the motion for judgment notwithstanding the verdict. As to the Fair Grounds, plaintiff had to prove that the condition of the parking lot posed an unreasonable risk that plaintiff as a pedestrian would be hit by a car being driven through the travel lanes of the parking lot and that it was this condition which caused the accident. Plaintiff's evidence falls short on both elements.
Plaintiff's evidence at best establishes that pedestrian crosswalks and appropriate warning signs could make the parking lot safer for pedestrians. The evidence does not establish that the parking lot without crosswalks or warning signs was unreasonably dangerous. Parking lots, by their nature, are populated with pedestrians and vehicles, parked and moving. Pedestrian crosswalks with warning signs assist by providing identified lanes of movement for pedestrians when their paths intersect the travel lanes for vehicles. This assists pedestrians and drivers by providing identified locations of intersection. The obvious safety advantages of crosswalks and warning signs, however, do not establish that any parking lot without them is unreasonably dangerous. The record in this case, viewing the evidence in the light most favorable to plaintiff, does not establish that when plaintiff walked from the clubhouse to his car he was confronted with an unreasonably dangerous situation by virtue of the condition of the parking lot. On the evidence in this record no reasonable juror could arrive at a contrary conclusion.
Plaintiff's case also suffers from a failure to establish legal causation with regard to the condition of the Fair Grounds parking lot. Plaintiff needed to prove that the condition of the parking lot caused the accident; or, from plaintiff's case perspective, that the accident was caused, at least in part, by the absence of pedestrian crosswalks with warning signs. Mr. Quick testified that when he first saw plaintiff in the travel lanes where the accident occurred he was fifty yards away. He was fully apprised of plaintiff's presence in plenty enough time to make any precautionary or evasive manuevers he thought necessary. The absence of a crosswalk and warning sign played absolutely no part in causing this accident. A crosswalk with warning signs would not have provided Mr. Quick any greater awareness of plaintiff's presence. That a crosswalk with warning signs might have caused the "phantom auto" to stop, permitting plaintiff to fully cross the travel lanes before Mr. Quick's arrival, is speculative at best and overlooks plaintiff's obligation to his own safety not to enter the travel lanes when cars are approaching. The evidence does not support any reasonable contrary conclusion as to causation.
We find, therefore, no error in the judgment notwithstanding the verdict. The jury verdict was clearly wrong. Accordingly, we affirm the judgment appealed. Plaintiff shall pay all costs.
AFFIRMED.
NOTES
[1] The jury found that defendant Darren P. Quick was not liable, and the court rendered judgment dismissing plaintiff's suit against defendant Quick. The judgment notwithstanding the verdict at issue here applies to defendant Fair Grounds Corporation only. Plaintiff has not appealed the judgment dismissing defendant Quick, and we consider it to be definitive.