554 So.2d 79 (1989)
Marion DRAPER, Plaintiff-Appellee,
v.
Mattie Lee Murry DRAPER, Defendant-Appellant.
No. 20640-CA.
Court of Appeal of Louisiana, Second Circuit.
August 23, 1989.
On Rehearing November 1, 1989.
*80 Nelson, Hammons & White by Walter D. White, Shreveport, for defendant-appellant.
William C. Monroe, Shreveport, for plaintiff-appellee.
Before MARVIN, SEXTON and NORRIS, JJ.
SEXTON, Judge.
The defendant, Mattie Lee Murry Draper, appeals an adverse judgment of divorce. We dismiss the appeal for the reasons set forth below.
On February 8, 1967, Mr. Marion Draper filed for a divorce from Mattie Lee Murry Draper. On June 19, 1967, he filed an amended petition. Domiciliary service of these pleadings was made on Mrs. Draper's mother, Dora Washington. Mrs. Draper did not answer the petition. A judgment of divorce by default was signed on September 20, 1967; however, notice of the judgment was not served on Mrs. Draper.
On November 6, 1986, Mr. Draper died. In May 1988 Mrs. Draper opened his succession. She informed her counsel that her husband had been living with another woman, Beulah Crowder, in immovable property purchased by Mr. Draper in 1969. Upon demand to Ms. Crowder to vacate the premises, counsel for Mrs. Draper was informed of the existence of the divorce judgment. It was discovered that notice of the judgment had never been served. A petition for possession and order to show cause why Ms. Crowder should not be evicted was filed in the succession. On June 16, 1988, Mrs. Draper was personally served with notice of the 1967 judgment of divorce.
Mrs. Draper filed a motion for a new trial which was denied by the trial court on August 19, 1988. She then filed this appeal.
On appeal Mrs. Draper argues that because she was not served with notice of the judgment before Mr. Draper died, the delays for applying for a new trial and taking an appeal did not begin to run and there was no final judgment of divorce. She states that the effect of this failure to serve notice is the continuation of the community until Mr. Draper's death in 1986. Mrs. Draper asks this court to declare that the judgment of divorce is null.
LSA-C.C.P. Art. 1913 provides that "[n]otice of the signing of a default judgment against a defendant on whom citation was not served personally, and who filed no exceptions or answers, shall be served on the defendant by the sheriff, by either personal or domiciliary service." Under LSA-C.C.P. Art. 1974, when notice of the judgment is required under LSA-C.C.P. Art. 1913, the delay for applying for a new trial does not begin to run until after the clerk has mailed or the sheriff has served the notice of judgment. The delay for taking *81 an appeal does not begin to run until the expiration of the new trial delays. LSA-C.C.P. Arts. 2087 and 2123.
Because a default judgment was entered against Mrs. Draper, LSA-C.C.P. Art. 1913 applies. This article requires that notice of the judgment be served on Mrs. Draper. Because notice was not served until June 16, 1988, the delays for applying for a new trial or taking an appeal did not begin to run until that date. Any actual knowledge that Mrs. Draper may have had of the signing of a judgment beyond the record and absent compliance with the mailing or service requirement is not sufficient to cause the new trial and appeal delays to commence. Haywood v. Salter, 421 So.2d 1190 (La.App. 2d Cir.1982); Arnold v. Arnold, 345 So.2d 1020 (La.App. 2d Cir.1977).
Mrs. Draper's motion for new trial was timely, as was her motion for appeal; however, we dismiss this appeal because Mr. Draper's death makes the issue on appeal moot.
Louisiana law does not favor abatement of actions. Under LSA-C.C.P. Art. 428, an action does not abate on the death of a party unless the action is one to enforce a right or obligation which is strictly personal. This article was adopted in order to abrogate jurisprudential rules favoring abatement of actions on the death of a party. LSA-C.C.P. Art. 428, comment (a). Comment (a) notes that the intent of the redactors in drafting the twin codes of 1825 was to prevent judicial acceptance by Louisiana of the common law rules of abatement. Despite the efforts of the redactors, Louisiana courts had misinterpreted the codal provisions. Thus, LSA-C.C.P. Art. 428 reinstated the intent of the redactors of the 1825 codes.
Because Louisiana strongly favors the continuation of actions on the death of a party, the exceptions to the rule against abatement are limited by LSA-C.C.P. Art. 428 to actions to enforce rights or obligations which are strictly personal. LSA-C.C. Art. 1766 provides that "[a]n obligation is strictly personal when its performance can be enforced only by the obligee, or only against the obligor."
In Arceneaux v. Arceneaux, 232 La. 494, 94 So.2d 449 (1957), a case almost on point with the instant situation, the court found that the divorce action brought by the husband had abated on his death. As in the present case, a preliminary default taken by the husband was confirmed. Four days after the judgment granting the divorce was signed, he died. Mrs. Arceneaux then filed a suspensive appeal and asked the court to substitute the plaintiff's minor son by a previous marriage as plaintiff and to appoint a curator ad hoc to represent the minor. The curator ad hoc filed a motion to dismiss the appeal on the ground that the question of divorce was personal and had become moot on the plaintiff's death.
The court agreed that the question of divorce between the parties had become moot because of the death of the plaintiff and dismissed the appeal.[*]
Although Arceneaux was decided prior to the adoption of LSA-C.C.P. Art. 428 and at a time when courts presumably were more likely to find that actions had abated, we find that the result reached in Arceneaux should be the same result under today's code of civil procedure. In fact, as one of the exceptions to the rule against abatement of actions, comment (c) to LSA-C.C.P. Art. 428 cites an action for divorce.
We find that the action for divorce abated on the death of Mr. Draper. We decline to determine the effect of the divorce decree, believing that that issue is best resolved in the pending succession proceedings.
For the reasons aforesaid, this appeal is dismissed without prejudice to the parties.
APPEAL DISMISSED.
*82 MARVIN, J., concurs in part, dissents in part, and assigns written reasons.
MARVIN, Judge, concurring in part, dissenting in part.
I readily and heartily agree that a divorce action in which a judgment is not yet final, abates on the death of a spouse. Arceneaux, supra, supports this holding. CCP Art. 428.
I would not dismiss Mrs. Draper's appeal as moot, however, notwithstanding Arceneaux. In this concurrence and dissent, I make these observations to explain why.
As the opinion emphasizes, the 1967 divorce judgment, by default, was not final when Mr. Draper died in 1986 because notice of that judgment had not been served on Mrs. Draper. Mrs. Draper timely filed a motion for a new trial, seeking to have the action declared abated and the judgment nullified because of the death of Mr. Draper before the judgment became final. The trial court denied, erroneously in my opinion, her motion for a new trial. She appealed the default judgment, asserting that the trial court should have granted the new trial and nullified the judgment.
On the one hand, by dismissing her appeal as moot, we are saying that Mrs. Draper has not presented a "justiciable controversy," the resolution of which would have "practical effect," while on the other hand we are saying that the action for divorce, which had reached the stage of a judgment not yet final, abated on the death of Mr. Draper. Yet this opinion leaves the nullity or "effect" of the divorce judgment to be resolved in the pending succession proceeding. Arceneaux should not require such an anomalous result.

ACTION AND JUDGMENT DISTINGUISHED
We are concerned with the abatement of the civil action initially instituted by Mr. Draper. An action (CCP Art. 421) is distinguished from a judgment, which is the concluding step or stage in the trial of an action. Actions abate. CCP Art. 428. Judgments do not. A judgment may be set aside in whole or in part by the trial court's granting of a new trial. CCP Arts. 1971-1979. A final judgment may be annulled by a trial court. CCP Art. 2001. A judgment, otherwise "final," which is timely appealed may be revised, modified, set aside, or reversed by the appellate court. CCP Art. 2082. If the judgment was final, there would be no action to abate. If an action is declared to have abated, the court should set aside the judgment in the abated action.

WHAT IS THE REMEDY?
The judgment complained of is not void on its face ab initio or absolutely void so as to be subject to collateral attack. See Allen v. Commercial National Bank in Shreveport, 243 La. 840, 147 So.2d 865 (1963). Ironically, the action of nullity exists only to directly attack a judgment which is final. CCP Art. 2001. The judgment of which Mrs. Draper complains is not final and may not be subject to collateral attack.
The law clearly provides that Mrs. Draper's remedy to set aside a non-final judgment is either by a motion for new trial in the trial court or by appeal of that judgment. CCP Arts. 1971, 1974. Without success, she has sought those remedies.
The opinion notes that Mrs. Draper was served with notice of the judgment in 1988 before her motion for new trial was heard and denied. Theoretically, and because we have dismissed her appeal, the judgment complained of will become "final" after the delays have tolled for applying for rehearing here and for supervisory review in the supreme court. Apparently Mrs. Draper will then be relegated to the direct action of nullity to have the divorce judgment set aside.

THE CURRENT LAW
Our constitution guarantees that Mrs. Draper "shall have an adequate remedy [in the courts of Louisiana] ... for injury to her in her person ... or other rights." LSA-Const. Art. 1, § 22. The trial court, by denying her motion for a new trial, and this court, by dismissing her appeal as *83 moot, has deprived her of the only remedy presently available to her to have the divorce judgment set aside. The law should not be so technical or cumbersome. The Code of Civil Procedure suggests the courts should resolve cases on the substantive law and not upon technical rules. McMahon, 21 La.L.Rev. 1 (1960); CCP Art. 5051.
We have declared that the divorce action abated by the death of Mr. Draper. I would simply add that the abatement of the action compels, or includes, the setting aside of the judgment which is simply a step or stage in the abated action. If an action abates, a judgment in that action has no effect.
While a trial court's ruling on a motion for a new trial is often recognized not to be an appealable judgment, an appellate court should not hesitate, on an appeal of the judgment on the merits, to find, where proper, that the trial court has abused its discretion in denying a new trial. This was squarely held in Lamb v. Lamb, 430 So.2d 51 (La.1983). There a default judgment decreeing a separation was granted against Mrs. Lamb. Her motion for a new trial was denied. She appealed the default judgment, asserting that the trial court abused its discretion in denying her a new trial. The supreme court agreed, reversing the trial court and the court of appeal, and remanded for a new trial. We should do the same or render judgment here.

IS THE APPEAL TRULY MOOT?
Arceneaux was decided in 1957, before the Code of Civil Procedure and our present constitution were adopted. Arceneaux, in my opinion, should be limited to its holding that the death of a spouse abates a pending action for divorce. The trial court should have declared the divorce action abated on the death of Mr. Draper and set aside the judgment rendered in that action. Substantive law compels this result.
Otherwise, Mrs. Draper has been deprived of the only available remedy at this juncture to set aside a judgment in an action that this court declares has been abated. The "effect" of a judgment in an action that has abated is a justiciable issue which practically and legally affects Mrs. Draper's rights as the widow of her deceased husband. This issue is not moot. Even this opinion suggests that its "effect" should be determined. I say we should squarely decide its "effect."
I would reverse the trial court's ruling and render judgment either granting a new trial, or declaring that the abatement of the action nullifies or sets aside the judgment of which Mrs. Draper complains.

ON REHEARING
Before MARVIN, FRED W. JONES, Jr., SEXTON, NORRIS and LINDSAY, JJ.
MARVIN, Judge.
We granted a rehearing to reconsider whether Mrs. Draper's appeal should be dismissed as moot on the authority of Arceneaux v. Arceneaux, 232 La. 494, 94 So.2d 449 (1957).
Recalling the original opinion and the dissent, we now render judgment for Mrs. Draper, reversing the trial court and decreeing that the judgment of divorce is a nullity because the action in which it was rendered abated on Mr. Draper's death.

FACTS
As in Arceneaux, the Draper divorce judgment was not "definitive" and was appealable when Mr. Draper died. CCP Art. 1842. Unlike Mrs. Arceneaux, Mrs. Draper, before she appealed the judgment, unsuccessfully sought a new trial in the trial court, contending that the judgment was a nullity and should be set aside because Mr. Draper's divorce action abated on his death. Otherwise, the basic facts here and in Arceneaux cannot be distinguished.
Service of Mr. Draper's 1967 divorce action was made by domiciliary service on Mrs. Draper's mother. Notice of the default judgment of divorce on September 20, 1967, was not served on Mrs. Draper. CCP Art. 1913. Mr. Draper died on November 6, 1986, without the divorce judgment *84 having become definitive. CCP Arts. 1974, 2087, 2123.
Mrs. Draper timely moved for a new trial after she opened Mr. Draper's succession in 1988. After a hearing the trial court denied her motion for a new trial. She timely appealed.

LAW
An appellate court should not hesitate, on appeal of the judgment on the merits in a separation [or divorce] action, to find, where proper, that the trial court abused its discretion in denying a new trial, and to render a judgment correcting the error. Lamb v. Lamb, 430 So.2d 51 (La.1983).
Technically, the Draper divorce judgment was not a "definitive judgment" and had not acquired the authority of a thing adjudged under Art. 1842, but nonetheless was an appealable "final judgment." The divorce judgment was a "final judgment" under CCP Art. 1911, from which "an appeal may be taken" under Art. 2083, and one which "may be annulled prior to or pending an appeal therefrom," according to the emphasized provisions of Art. 2005.
We reiterate our original holding that the Draper divorce action, to whatever extent the action was then pending, was a personal action which abated under Art. 428. See Arceneaux, cited supra. An action (Art. 421), however, is to be distinguished from a judgment in the action. See CCP articles cited in the above paragraph. The Code of Civil Procedure expressly provides that personal actions abate (Art. 428), but does not suggest or contemplate that judgments abate. As we have demonstrated, the Code considers judgments significantly different. A judgment may be annulled or modified either by a trial court after granting a new trial or in an action of nullity (Arts. 1971-79, Arts. 2001-2006) prior to an appeal (Art. 2005) or by an appellate court on appeal (Arts. 2005, 2082).
Arceneaux, decided in 1957, is authority that a divorce action abates on the death of one of the spouse-litigants. It is no longer authority for the dismissal, on the grounds of mootness, of Mrs. Draper's appeal of the divorce judgment, wherein she complains that the trial court should have granted her motion for a new trial and declared the judgment a nullity because she showed that the judgment was not definitive, but was an appealable final judgment, when Mr. Draper died. Current authority, discussed above, compels such a result. CCP Arts. 1842, 1911, 2083, 2005. The authority for such a result in 1957 may not have been as clear even if we assume it was argued in Arceneaux.
A final judgment, not yet "definitive," may be annulled by the trial court even though it is an appealable judgment. If the hearing on a motion for a new trial in a personal [separation or divorce] action shows that one of the spouses has died before the judgment becomes definitive, the trial court should grant a new trial and annul the "final judgment" on the grounds that the "action," whether actually, or perhaps fictitiously, pending after the grant of the new trial, "abates" because of the death of the spouse.
A judgment may be set aside or annulled by an appellate court. Arts. 2005, 2082. We may render any judgment which is just, legal, and proper upon the record on appeal. Art. 2164. Where the record shows that the trial court abused its discretion in failing to grant a new trial, the appellate court should reverse the trial court and render judgment correcting the error. Lamb, supra. Remand is not necessary. This record clearly shows that Mr. Draper died after the judgment of divorce was signed and before it was definitive.

IS THE APPEAL TRULY MOOT?
If we dismiss Mrs. Draper's appeal as moot, we would be saying that she has not presented a "justiciable controversy," the resolution of which would have "practical effect." If we dismiss the appeal as moot by holding only that the action for divorce, which had reached the stage of a "final judgment" not yet "definitive," abated on the death of Mr. Draper, we would be *85 leaving the nullity or "effect" of the "final judgment" to be resolved collaterally, rather than directly, contrary to Allen v. Commercial National Bank in Shreveport, 243 La. 840, 147 So.2d 865 (1963).
The constitution guarantees that Mrs. Draper "shall have an adequate remedy [in the state courts] ... for injury to ... her person ... or other rights." LSA-Const. Art. 1, § 22. We shall not dismiss her appeal as moot and deprive her of the remedy of having the "final judgment" of divorce annulled in this appeal. Arceneaux was decided in 1957 and its holding should be construed in the light of the current authorities we have discussed.
The "effect" of a "final" but not "definitive" judgment in a personal action that is shown to have abated prior to an appeal is an issue that practically and legally affects Mrs. Draper's rights. We shall not declare that the issue is moot and dismiss the appeal.
The trial court should have granted a new trial, the effect of which would have set aside or nullified the judgment of divorce, and should have then declared that the action, yet pending because of the grant of the new trial, abated because of the death of Mr. Draper.

DECREE
We therefore reverse the trial court in all respects. We render judgment declaring that the Draper divorce action abated upon Mr. Draper's death and the judgment of divorce was thereby rendered null and of no force and effect and is hereby set aside.
SEXTON, J., dissents with written reasons and for the reasons expressed in the opinion rendered on original hearing.
SEXTON, Judge, dissenting.
I respectfully dissent for the reasons expressed in the opinion rendered on original hearing and add the following comments.
Arceneaux v. Arceneaux, 232 La. 494, 94 So.2d 449, 450 (1957), specifically determined "that this Court cannot consider an appeal from a judgment of divorce when there is no longer any existing marriage. Such would be a vain, useless, and illegal gesture." This is so because the marriage between the parties was dissolved by the death of one of the parties during the marriage. I remain unconvinced by the majority that anything has happened in our law to obviate the pronouncement of the Arceneaux court. Said somewhat differently, "[a] civil action is a demand for the enforcement of a legal right." LSA-C.C.P. Art. 421. Mrs. Draper's legal right to seek a divorce no longer exists because of the death of Mr. Draper. Thus the demand and the appeal thereon cannot be considered. The effect of the continuing existence of the marriage still must be litigated collaterally.
It may be that the issue is only semantical and has little practical importance because it seems clear that no matter what the forum for resolution of the issue, the divorce was never final. Nevertheless, even Dean McMahon found the issue "most interesting." Work of the Louisiana Supreme Court for the 1956-1957 Term Civil Procedure, 18 La.L.Rev. 103, 104 (1957).
NOTES
[*] On the original hearing, the Louisiana Supreme Court also ruled on the effect of the judgment of divorce even though that issue was not before the court. The court stated that at the time that the plaintiff died the divorce had not become final and that the plaintiff's death, rather than the divorce, had terminated the marriage. On rehearing, the court acknowledged its error and stated that its original opinion as to the effect of the judgment of divorce was not binding on the parties.