GUIDRY, Judge.
Isabelle Larocca appealed from a judgment of the trial court rendered in favor of her husband, Carlo Larocca, decreeing a divorce between the parties because of voluntary separation for the statutorily required period.
FACTS AND POSTURE OF THE MATTER AT THE HEARING ON APPEAL
Isabelle and Carlo Larocca were married on September 30, 1971. Isabelle had three children by prior marriages. Isabelle and Carlo had no children. In the year 1988, the parties voluntarily separated. Carlo moved to Lake Charles. Suspecting adultery, Isabelle hired detectives to conduct survelliance of Carlo’s activities. Carlo filed this suit in early 1989 seeking a divorce based on the voluntary separation of the parties. Isabelle answered and reconvened seeking a divorce based on adultery. In her reconventional demand, although im *1212 material to her demand for divorce, Isabelle alleged that she gave a substantial amount of property in Jefferson Davis Parish and Calcasieu Parish to Carlo in contemplation of their marriage and that at the proper time, after securing a divorce on the ground of adultery, she would seek revocation of such donation “under the self-operative provisions of applicable Louisiana law”.
At the trial Isabelle’s evidence consisted of the testimony of three investigators and her son-in-law. At the conclusion of Isabelle's case, Carlo moved for a directed verdict under La.C.C.P. art. 1672(B). The motion was denied. Carlo then put on his evidence. When the trial was over, the trial judge, looking at all of the evidence, found that Isabelle had proved her case and rendered judgment in her favor decreeing a divorce on the ground of adultery.
After the judgment in Isabelle’s favor was signed, Carlo timely moved for a new trial. His argument was that the trial court erred in failing to grant a directed verdict at the conclusion of Isabelle’s case. He claimed that the testimony of three paid private investigators, corroborated only by the son-in-law’s testimony, was insufficient, and that the trial judge should have directed a verdict as a matter of law. In his argument at the motion hearing, Carlo wanted the trial judge to grant a new trial, restrict his consideration of the case to the plaintiff's evidence in chief, direct a verdict, and grant judgment in his favor.
The trial court granted a new trial for reargument only.[1] The judge then re-examined the evidence, restricting his re-examination to the evidence presented by Isabelle’s case in chief. Deliberately disregarding all corroborating testimony except that of the son-in-law, the trial judge found that the evidence was insufficient to meet the strict proof requirements of a circumstantial evidence adultery case put on through the testimony of hired investigators. The judge then annulled and set aside his previous judgment in favor of Isabelle, and signed another judgment granting a divorce between the parties on the ground of voluntary separation.
Isabelle timely appealed this judgment, which is dated August 16, 1989. On December 27, 1990, while this appeal was pending, Isabelle died. Her succession was opened in Jefferson Davis Parish. Beverly Ann Matheson, one of her three children by prior marriages, was appointed testamentary executrix of the Succession and she obtained an order from this court substituting the Succession for the deceased party/appellant. No objection to this substitution has been made by the appellee, nor did either party raise the issues of mootness of the appeal, or abatement of the action.
For the reasons which follow we conclude that, upon the death of Isabelle, the action for a divorce between the parties abated. Further, we determine that, considering this circumstance, this court should declare ex proprio motu that the trial court’s judgment, pending on appeal, is null and of no force and effect.
La.C.C.P. art. 428 provides:
“An action does not abate on the death of a party. The only exception to this rule is an action to enforce a right or obligation which is strictly personal.”
La.C.C. art. 1766 provides in pertinent part as follows:
“An obligation is strictly personal when its performance can be enforced only by the obligee, or only against the obligor.
[[Image here]]
Our jurisprudence uniformly holds that an action for divorce is a personal action which abates upon the death of either party. Arceneaux v. Arceneaux, 232 La. 494, 94 So.2d 449 (1957); Draper v. Draper, 554 So.2d 79 (La.App. 2d Cir.1989).
*1213 At the time the action in this case abated, the trial court’s judgment, having been timely appealed, although final (La.C. C.P. art. 1911), was not definitive and had not acquired the authority of a thing adjudged. La.C.C.P. art. 1842 (since repealed by Act 521 of 1990). As no definitive judgment had issued in this case when the action abated, it necessarily follows that the issues presented by the litigation became moot. However, as observed by our Second Circuit brethren in Draper, on rehearing, supra, when an action abates on appeal, the appeal should not be dismissed as moot, rather the appellate court should render judgment declaring the trial court’s judgment null and of no force and effect. We find the reasons for judgment in Draper forceful and persuasive.
As observed by the Arceneaux court, the bond of matrimony is dissolved by the death of either party (La.C.C. art. 101) and this dissolution is final despite the pendency of a divorce action. Since the judgment in this case was not definitive but, rather, on appeal when the marriage between the Laroccas was dissolved, it is clear that the non-definitive judgment of the trial court was thus rendered null and of no force or effect. We agree with Draper that, under such circumstances, the appellate court should declare the nullity of the trial court’s judgment under the authority granted by La.C.C.P. art. 2164. See Bruce v. Hartford Life & Accident Insurance, 907 F.2d 585 (5th Cir.1990).
For these reasons, we declare the La-rocca divorce action abated and decree that the judgment of divorce rendered by the trial court is null and of no force and effect.
JUDGMENT OF THE TRIAL COURT SET ASIDE.
YELVERTON, J., dissents and assigns reasons.
KNOLL, J., dissents for the reasons assigned by Yelverton, J.

. The effect of granting a new trial is the setting aside in toto of the judgment in which the error was thought to be found, and in contemplation of law, it ceased to exist and could not then, and could not thereafter, afford the basis of a plea of res judicata, an execution, or an appeal. La-Rose v. Naquin, et al., 145 La. 1025, 83 So. 230 (1919). See also LaFrenz v. LaBaw, 21 So.2d 71 (La.App. 2d Cir.1945); Carrier Leasing Corp. v. Ready-Mix Companies, Inc., 372 So.2d 601 (La. App. 4th Cir.1979), writ denied, 375 So.2d 943 (La.1979).