YELVERTON, Judge,
dissenting.
The trial court erred when it took away Isabelle’s judgment of divorce based on adultery, a judgment based on all of the evidence, and gave Carlo a divorce based on only part of the evidence. A directed verdict is designed for use during trial and not as a post-judgment remedy. Mitchell v. Windham, 426 So.2d 759 (La.App. 3rd Cir.1983). When a defendant, rather than rest upon its motion for directed verdict, introduces evidence after the denial of that motion, defendant is deemed to have abandoned the motion and the evidence in the case is judged on the entirety of the record. Jackson v. Quick, 543 So.2d 552 (La.App. 4th Cir.), writ denied, 546 So.2d 1219 (La. 1989); Dunaway v. Restor Refrigeration Service, Inc., 428 So.2d 1064 (La.App. 1st Cir.), writ denied, 433 So.2d 1056 (La.1983). The trial judge should have allowed his first judgment, granting Isabelle a divorce on the ground of adultery, to stand.
The appeal is neither moot nor abated. Isabelle coupled her demand for a divorce based on adultery with a demand for revocation of a donation. The donation, made in contemplation of marriage, involved considerable immovable property in Calcasieu and Jefferson Davis Parish. The property is described in her pleadings. The demand for revocation was based on ingratitude. She considered the judgment of divorce important to her demand for revocation. Her heirs are substituted in her place. Property rights may be affected. Judicial economy — and very possibly the interest of justice — will be served if we recognize that the trial judge was correct in his first judgment and grant Isabelle the divorce to which she was entitled.
In Kirby v. Albert T.J., M.D., 517 So.2d 974 (La.App. 3rd Cir.), writ denied, 519 So.2d 107 (La.1987), we held that the death of the adoptive father during the appeal of an adoption contest between the natural father and the adoptive father, did not cause the appeal to abate. We noted, among other reasons, that property rights of the adopted child might be involved. This is the rule in most jurisdictions, where property rights are involved, and where the death of a party occurs during the appeal of what is otherwise a purely personal action. The death of a party to a divorce *1214 action pending appeal does not cause the appeal to abate if there are property rights involved. 27B C.J.S. Divorce § 272 (1986); Annot., Divorce — Death Pending Appeal, 33 A.L.R. 4th 47 (1984). See also Draper v. Draper, 554 So.2d 79 (La.App. 2d Cir. 1989).
We should set aside the trial court’s judgment in favor of Carlo, and reinstate the judgment in favor of Isabelle.