ON REMAND FROM THE SUPREME COURT.
GUIDRY, JUDGE.
This case is before us on remand from the Supreme Court of Louisiana. The facts, procedural history and evidence adduced at trial are fully documented in the prior opinion of this court and the opinion of the Supreme Court. Larocca v. Larocca, 579 So.2d 1211 (La.App. 3rd Cir.1991), writ granted, 587 So.2d 684 (La.1991), reversed and remanded, 597 So.2d 1000 (La.1992). We do not deem it necessary to again recite the facts, procedural history and evidence adduced at trial.
In our original .judgment, we declared the Laroccas’ divorce action abated due to the death of Isabelle during the pendency of her appeal. Accordingly, we nullified the divorce judgment and dismissed the appeal of Isabelle’s succession representative. The Supreme Court reversed this judgment and remanded the case to this court to decide the merits of the appeal.[1]
The only issue before us on remand is whether the trial court erred as a matter of law in granting a new trial and annulling its first judgment, which granted Isabelle a divorce on the ground of Carlo’s adultery. For the following reasons, we conclude that the trial court erred and accordingly reverse and reinstate the trial court's original judgment in favor of Isabelle.
As discussed in the previously cited opinions, the trial court originally denied Carlo’s motion for a directed verdict at the close of plaintiff-in-reconvention’s case.[2] Carlo then presented evidence to the court. At the close of all the evidence, the trial judge rendered judgment in favor of Isabelle finding that she had established Carlo’s adultery by a preponderance of the evidence. Carlo then made application for a new trial. In response to Carlo’s motion, the trial court annulled the judgment in favor of Isabelle, which was based on all the evidence, and rejected Isabelle’s demand for a divorce based only on that part of the evidence adduced by Isabelle in chief. The trial court then rendered a judgment in Carlo’s favor based on the parties living apart for over one year. We conclude that the trial court’s grant of a new trial and its subsequent annulment of its original judgment constitutes clear error.
A directed verdict is designed for use during trial and not as a post-judgment remedy. Mitchell v. Windham, 426 So.2d 759 (La.App. 3rd Cir.1983). A defendant who introduces evidence after his motion for a directed verdict is denied is deemed to have abandoned the motion. The case should then be judged on the entirety of the record. Jackson v. Quick, 543 So.2d 552 (La.App. 4th Cir.1989), writ denied, 546 So.2d 1219 (La.1989); Dunaway v. Rester Refrigeration Service, Inc., 428 So.2d 1064 (La.App. 1st Cir.1983), writ denied, 433 So.2d 1056 (La.1983). Thus, it is clear that the alleged erroneous denial of a directed verdict cannot serve as a basis for a new trial. Further, in the instant case, the trial court clearly erred when it annulled its original judgment, which was based on all of the evidence adduced, and rendered judgment in favor of Carlo, based solely on *55 that part of the evidence adduced prior to filing of the motion for a directed verdict.
In annulling its original judgment, the trial court reasoned that the evidence adduced on Isabelle’s case in chief was not sufficient to prove adultery, i.e., that it was based only on the uncorroborated testimony of three private investigators hired by Isabelle to conduct surveillance on Carlo. The trial court relied on the case of McCartan v. Filkins, 134 La. 795, 64. So. 717 (1914), for the rule that uncorroborated testimony of private investigators cannot be the basis of a judgment of adultery. As noted in the Supreme Court’s opinion in this case at footnote five, the subsequent jurisprudence has not strictly applied this rule to similar factual situations. See Hermes v. Hermes, 287 So.2d 789 (La. 1973), and Coston v. Coston, .196 La. 1095, 200 So. 474 (1941).
We now turn to the question of whether the entire evidence presented at trial was sufficient to prove adultery to the exclusion of any other reasonable hypothesis. The trial court, in originally considering the whole of the evidence presented at trial, found the testimony of the three investigators and Isabelle’s son-in-law to be credible. He also determined that the testimony of Carlo and Ms. Nehrt, his alleged paramour, was not credible and, as a result, corroborated the evidence presented by Isabelle. A thorough review of the record reveals that these findings were not clearly wrong and that the evidence adduced was sufficient to support the factual conclusion that Carlo committed adultery. Accordingly, the trial court’s original judgment rendered June 22, 1989, which granted Isabelle a divorce based on Carlo’s adultery is hereby reinstated.[3]
All costs at the trial level and on appeal are to be paid by plaintiff-appellee, Carlo Larocca.
ORIGINAL JUDGMENT OF THE TRIAL COURT REINSTATED.

. In sum, the Supreme Court concluded that a divorce proceeding with an incidental property action for revocation of a spousal donation does not abate upon the death of the donor spouse pending appeal.

. At trial Isabelle's reconventional demand for a divorce on the ground of Carlo's alleged adultery was tried first by agreement of the parties.

. The Supreme Court held that, since this divorce action was inextricably involved with a claim for revocation of a spousal donation, this case did not abate upon Isabelle’s death. The court reasoned as follows:
"In the instant case, as in the ones discussed above, there exists a substantial property interest that distinguishes it from simply a divorce action without an incidental claim affecting property rights. If the second divorce judgment, the one in favor of Carlo (based on living apart for over one year) is found to be the proper and dispositive judgment, Carlo would continue to own the property.16 On the other hand, if the trial judge erred in granting the new trial, the first fault-based judgment in favor of Isabelle would perhaps be reinstated and, as a consequence, the spousal donation revoked.” Larocca, 597 So.2d at 1006, 1007. (footnote omitted).
While we reinstate the trial court’s first fault-based judgment in favor of Isabelle, we hesitate to go further and declare the spousal donation revoked. Although Isabelle’s reconventional demand mentioned the donation and described the property donated, she did not pray for revocation of the donation. In paragraph six [sic, nine] of the reconventional demand, Isabelle relied on the proposition that, once a fault-based divorce against Carlo was obtained, the "self-operative provisions” of La.C.C. arts. 156 and 159 would automatically revoke the spousal donations. Additionally, the original trial court judgment reinstated herein did not dispose of nor even mention the spousal donation.