Judgment rendered January 11, 2023.
Application for rehearing may be filed
within the delay allowed by Art. 2166,
La. C.C.P.

* * * * *

ON REMAND

* * * * *

No. 54,364-CA

COURT OF APPEAL
SECOND CIRCUIT
STATE OF LOUISIANA

* * * * *

SANCTUARY CAPITAL, LLC,                          Plaintiffs-Appellees
ET AL., ON BEHALF OF NORTH
LOUISIANA BIDCO, LLC

versus

RICHARD D. CLOUD, JAMES                          Defendants-Appellants
RANDOLPH GARNER, AND
NORTH LOUISIANA BIDCO, LLC

* * * * *

On Remand from the
Louisiana Supreme Court

Originally Appealed from the
Fourth Judicial District Court for the
Parish of Ouachita, Louisiana
Trial Court No. 2014-1379

Honorable Daniel Joseph Ellender, Judge

* * * * *

RICHARD A. ROZANSKI, APLC                        Counsel for Appellant,
By: Richard A. Rozanski                          North Louisiana Bidco, LLC

BREITHAUPT, DUBOS, &                             Counsel for Appellants,
WOLLESON, LLC                                    Richard D. Cloud and
By: R. Alan Breithaupt                           Nephos, LLC
    James R. Close

HECK LAW FIRM, LLP                               Counsel for Appellant,
By: Charles H. Heck, Sr.                         Robert Lawler Garner, Executor
    Charles H. Heck, Jr.                         for the Succession of James
                                                 Randolph Garner

NELSON, ZENTNER,
SARTOR & SNELLINGS
By: David H. Nelson
   George M. Snellings, IV

Counsel for Appellees,
Sanctuary Capital, LLC,
J. Bishop Johnston, W. Clinton
Raspberry, Jr., MCS Two, LLC,
O. A. Cannon, Jr., Nelson
D. Abell, III, R. Stewart Ewing,
Jr., Carolyn W. Perry, Annette
Williams Carroll, Molly
Williams, and Clarke M.
Williams, III, on Behalf of
North Louisiana Bidco, LLC

\* \* \* \* \*

Before STONE, COX, and O'CALLAGHAN *(Ad Hoc)*, JJ.

**COX, J.**

This suspensive appeal arises out of the Fourth JDC, Ouachita Parish, Louisiana. The plaintiffs in this case are as follows: Sanctuary Capital, LLC, J. Bishop Johnston, W. Clinton Raspberry, Jr., MCS Two, LLC, O. A. Cannon, Jr., Nelson D. Abel, III, R. Stewart Ewing, Jr., Carolyn W. Perry, Annette Williams Carroll, Molly Williams, Clark M. Williams, III, and North Louisiana BIDCO, LLC ("NLB") (collectively referred to as "Plaintiffs"). The defendants are Richard Cloud, James Randolph Garner, and NLB (collectively referred to as "Defendants"). Defendants appealed the trial court's judgment in favor of Plaintiffs, which allowed Plaintiffs access to business records and deferred Plaintiffs' claim for attorney fees. This Court previously affirmed the trial court's judgment on April 5, 2022.[1]

However, unbeknownst to this Court, Mr. Garner passed away on March 30, 2022. Therefore, on writ application, the Louisiana Supreme Court nullified and vacated the decision as it applied to Mr. Garner. The Supreme Court remanded back to this Court for such action as the law permits, including the substitution of Mr. Garner's legal successor and, upon such substitution, an evaluation of whether Plaintiffs' claims against Mr. Garner abated or extinguished by his death or a decision in favor of or against the properly substituted party. On October 22, 2022, Robert Lawler Garner, the surviving son of Mr. Garner, filed a motion to substitute the proper party defendant/appellant. After considering the issues, we find that Plaintiffs' claims against Mr. Garner were not extinguished by his death,

---

[1] *Sanctuary Capital, LLC v. Cloud*, 54,364 (La. App. 2 Cir. 4/5/2022), 336 So. 3d 1040, *writ granted, decision vacated sub nom.*, 2022-00751 (La. 9/20/2022), 345 So. 3d 1023, *and writ denied*, 2022-00750 (La. 9/20/2022), 346 So. 3d 283.

grant the motion to substitute, and affirm the judgment of the trial court as to the properly substituted defendant/appellant.

## DISCUSSION

All the facts have previously been cited in *Sanctuary Capital, LLC v. Cloud, supra,* and we adopt those facts in this opinion. We now address whether this action abated against Mr. Garner.

An action does not abate on the death of a party. The only exception to this rule is an action to enforce a right or obligation which is strictly personal. La. C.C.P. art. 428. Because Louisiana strongly favors the continuation of actions on the death of a party, the exceptions to the rule against abatement are limited by La. C.C.P. Art. 428 to actions to enforce rights or obligations which are strictly personal. La C.C. Art. 1766 provides that "[a]n obligation is strictly personal when its performance can be enforced only by the obligee, or only against the obligor." *Draper v. Draper*, 554 So. 2d 79 (La. App. 2 Cir. 1989).

This is the first stage of this litigation. The Defendants were ordered to turn over the books and records for inspection, which is essential for Plaintiffs to determine whether any damages have been suffered. This suit also presents an LLC that no longer has an independent office to house all the documents. Documents are therefore held by the managers. Mr. Garner, as a manager of NLB, could have had NLB books and records in his possession at the time of his death. Therefore, although Mr. Garner's succession representative will not automatically become a manager of NLB, that representative is ordered to present any books and records found to be in Mr. Garner's possession at the time of his death.

2

This is not an instance where Mr. Garner was ordered to perform a task so personal to him that no one else could do it. The production of documents in Mr. Garner's possession is an obligation that can be performed by a representative with access to Mr. Garner's possessions. Therefore, Mr. Garner's succession representative will remain a defendant in this action unless it is later determined that no claims exist against the succession or Mr. Garner personally. For these reasons, the claims against Mr. Garner are not extinguished.

Robert Lawler Garner, the surviving son of Mr. Garner, filed a motion to substitute the proper party defendant/appellant. This motion was referred to the merits of the appeal. Because the motion to substitute satisfies the requirements of La. C.C.P. art. 801, the motion to substitute is hereby granted. Robert Lawler Garner, as succession representative of James Randolph Garner, is substituted as a defendant/appellant in this appeal.

We adopt the previous opinion's reasoning as it applied to Mr. Garner and now affirm the trial court's judgment against the properly-substituted defendant Robert Lawler Garner insofar as the Louisiana Supreme Court nullified that opinion as it applied to Mr. Garner.

## CONCLUSION

For the reasons stated above, this action has not abated against James Randolph Garner. The motion to substitute is granted. Robert Lawler Garner, as Independent Testamentary Executor of the succession, is substituted as a defendant/appellant in this appeal in lieu of his deceased parent, James Randolph Garner. Pursuant to this Court's reasoning in its previous opinion, the ruling of the trial court is affirmed as to the properly substituted defendant/appellant. Robert Lawler Garner is ordered to present

3

any NLB documents that were in James Randolph Garner's possession at the time of his death.  This Court's previous opinion in *Sanctuary Capital, LLC v. Cloud, supra* is affirmed.

**AFFIRMED.**